# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY 2000 SESSION



**FILED**

**February 1, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

JOHNNIE LAMONT DALTON,  )
    Appellant,  )  **M1999-00369-CCA-R3-PC**
        )
v.  )  **Davidson County**
        )
        )  **Honorable Seth Norman, Judge**
STATE OF TENNESSEE,  )
    Appellee.  )  **(Post Conviction Relief)**
        )


**FOR THE APPELLANT**:

**THOMAS A. LONGABERGER**
69 Arcade
Nashville, Tennessee 37219


**FOR THE APPELLEE**:

**PAUL G. SUMMERS**
Attorney General & Reporter

**DAVID H. FINDLEY**
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, Tennessee 37243-0493


**AFFIRMED**


**L. T. LAFFERTY, SENIOR JUDGE**

## OPINION

The appellant, Johnnie Lamont Dalton, appeals the Davidson County Criminal Court's dismissal of his petition for post-conviction relief. On May 5, 1997, the defendant entered a plea of guilty to murder second degree during the voir dire of a jury, wherein he was charged with the offense of murder first degree. The petitioner, collaterally, attacks his guilty plea and conviction for murder second degree upon the grounds of ineffective assistance of counsel. More specifically, he contends that trial counsel failed to (a) adequately investigate and prepare for trial; (b) failed to interview and subpoena state witnesses; and (c) failed to subpoena potential witnesses, including one witness who the defendant contends would have established that the defendant was not the murderer. The petitioner asserts that were it not for the above actions, he would not have pled guilty on the mistaken advice of counsel.

After a review of the record, we AFFIRM the trial court's denial of post-conviction relief.

## ANALYSIS

On May 8, 1998, the petitioner filed a *pro se* petition for post-conviction relief alleging that he had received ineffective assistance of counsel, and therefore, he did not knowingly and voluntarily enter his guilty plea. The trial court appointed counsel on May 12, 1998. An evidentiary hearing was held on March 26, 1999. On March 30, 1999, the trial court entered an order denying the petition for post-conviction relief.

In dismissing the petition, the trial court found, in parts pertinent to this appeal:

> The transcript of the guilty plea in this case clearly shows that the petitioner was advised of these rights. There is no proof in that transcript that would lead the Court to believe the contrary. In addition, at the time of the entry of the plea the petitioner told the Court that he was satisfied with his lawyers....
>
> * * *
>
> In the case at hand, there is no proof that would indicate that the representation of the petitioner was anything other than excellent. He had three very fine attorneys. Each of the three are experienced and knowledgeable. This Court can find no proof that would substantiate a claim of ineffective assistance of counsel.

To succeed in a post-conviction claim of ineffective assistance of counsel, the petitioner must show, by clear and convincing evidence that the services rendered by trial counsel were deficient and that, but for the deficient performance, the results of the proceeding would have been different. Tenn. Code Ann. § 40-30-210(f) (1997). *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 2064 (1984). When this Court undertakes review of a lower court's decision on a petition for post-conviction relief, the lower court's

2

finding of facts are given the weight of a jury verdict and are conclusive on appeal absent a finding that the evidence preponderates against the judgment. *See Davis v. State,* 912 S.W.2d 689, 697 (Tenn. 1995). Unfortunately, the record does not contain a transcript of the guilty plea hearing. However, after reviewing the record, we conclude that the evidence does not preponderate against the dismissal entered by the trial court.

At the evidentiary hearing, Ms. Wendy Tucker, Assistant Public Defender, testified that she and the defendant had a good working relationship, but on one occasion he wanted her replaced by another attorney. Ms. Tucker stated that she filed a number of motions prior to trial. She had also subpoenaed two alibi witnesses, Shandell Booker and Barbara Booker. On the day of trial, Ms. Tucker described the defendant as being nervous as one would be going to trial on murder first degree. Ms. Tucker testified that, prior to the luncheon break of the voir dire of the jury, she was approached by Ms. Mary Hausman, Assistant District Attorney General, that a witness, whom Ms. Tucker had subpoenaed, peeked in the courtroom door and saw the defendant. The witness then became hysterical and definitely identified the petitioner as the shooter. During Ms. Tucker's investigation, this witness had informed Ms. Tucker, through an investigator, that he could not identify the petitioner in a lineup. Thus, Ms. Tucker had subpoenaed this witness. Ms. Tucker stated that she advised Mr. Mike Engle, a co-attorney in the Public Defender's Office, about what had happened. Mr. Engle had represented the petitioner in the past on his first murder conviction. Ms. Tucker and Mr. Engle, and Ms. Tucker's co-counsel, Ms. Sheila Jones, talked to the petitioner. That is when the petitioner learned about the new development of the witness.

As to the witness, Vanessa Green, Ms. Tucker testified that she decided not to subpoena this witness. The witness had testified at the preliminary hearing that the petitioner was the shooter. She had testified that she knew the petitioner from school, but the petitioner was in prison during this school period. Ms. Tucker believed it was not strategically feasible to call a witness just to prove that her identification of the defendant in a lineup was not credible.

Joseph M. Engle, Assistant Public Defender, testified that he had represented the petitioner in the past for criminal offenses. During the course of Ms. Tucker's representation, Mr. Engle and Ms. Tucker had talked many times about the merits of the petitioner's case. As to Ms. Tucker's representation, Mr. Engle testified that Ms. Tucker has always properly prepared for trial. He had reviewed her file and believed she was exceptionally well prepared. On the day of the guilty plea, Mr. Engle described the petitioner as nervous, anxious, and frustrated. The petitioner was able to articulate

3

questions that both went to the nature of the plea bargaining offer and to Ms. Tucker's appraisal of his prospects of the trial. The petitioner was able to listen to the answers and able to debate those questions. In Mr. Engle's opinion, the petitioner was coherent and competent.

As to his guilty plea, the petitioner testified that his testimony before the judge was not voluntarily and knowingly, because he did not understand the law. As to Ms. Tucker's representation, the petitioner testified that she did not interview any state witnesses in preparation for trial, especially Patrick Elrat. The petitioner testified that he took the plea upon advice of counsel after a lack of investigation and preparing for a murder case. The petitioner wanted Ms. Tucker to subpoena Vanessa Green, because he felt this was a potential witness who could help his case. The petitioner did not call any other witnesses in support of his petition.

The totality of the circumstances in this case indicates that the petitioner's plea of guilty was given both voluntarily and knowingly. Although the petitioner testified at the post-conviction hearing that he did not understand the law and pleading procedure at the time he pled guilty, the petitioner had apparently been through this process before. He admitted to pleading guilty to another murder charge in 1992 under nearly identical circumstances and had accepted his punishment. At the time this plea was entered on May 5, 1997, the petitioner stated under oath that he was satisfied with his representation by Wendy Tucker, Sheila Jones, and Mike Engle. The court also advised him of his rights and the consequences of a guilty plea. As a result, we find no error of law requiring reversal. The judgment of the trial court in dismissing the petitioner's petition for post-conviction relief is affirmed.

 

 

_____
L. T. LAFFERTY, SENIOR JUDGE


CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
THOMAS T. WOODALL, JUDGE